IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEMINI INSURANCE COMPANY and ) <br> BERKLEY PROGRAM SPECIALISTS, LLC ) <br> ) <br> Plaintiffs, ) <br> ) Case No. 1:16-cv-02780 <br> v. ) <br> ) <br> PELICAN GENERAL INSURANCE ) <br> AGENCY, LLC ) <br> ) <br> Defendant. ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT**

In accordance with the Court's Order dated June 6, 2018 (Dkt. #43), Plaintiffs, Berkley Program Specialists, LLC ("BPS") and Gemini Insurance Company ("Gemini"), by and through their undersigned attorneys, Dana A. Rice and Anthony L. Hatzilabrou of Traub Lieberman Straus & Shrewsberry LLP, hereby move for entry of final judgment in their favor and against Defendant, Pelican General Insurance Agency, LLP ("Pelican"), pursuant to Fed. R. Civ. P. 56. In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs filed this lawsuit to hold Pelican responsible for damages caused by its negligence and contractual breaches in the underwriting, binding, and administration of a commercial auto policy issued in the State of Louisiana. Pelican was appointed as BPS's agent to issue commercial auto policies in Louisiana on behalf of Gemini as part of BPS's Commercial Auto Program ("Program").

However, in direct violation of its contractual and common law duties, Pelican issued a commercial auto policy on behalf of Gemini to Kenneth Boone dba Boone Trucking ("Boone"), a commercial logging business in Louisiana. After the policy was issued, one of Boone's trucks

was involved in a multi-fatality accident in Louisiana ("Accident"). The Accident resulted in four separate lawsuits being filed in Louisiana state court ("Underlying Lawsuits") against Boone and the driver of the truck, Mark Gordon ("Gordon"). Gemini was also named as a direct defendant in the Underlying Lawsuits for the purpose of determining whether, and to what extent, the Gemini policy that Pelican issued afforded coverage for the Accident. As a result, in addition to retaining counsel to defend Gemini, Plaintiffs were also required to retain two more law firms to defend Boone and Gordon, separately, in the four Underlying Lawsuits. Finally, due to Pelican's breaches, Plaintiffs retained a fourth law firm to prosecute this action against Pelican.

On February 2, 2018, Plaintiffs filed a motion for partial summary judgment in this case on the liability issues while reserving their rights as to damages. (Dkt. #27). Plaintiffs' motion asserted that Pelican's negligence and contractual breaches caused Plaintiffs to incur significant damages in the form of defense costs and indemnity payments under an insurance policy that should have never been issued. Plaintiffs further argued that Pelican's refusal to honor its contractual obligations caused Plaintiffs to incur significant costs and expenses in prosecuting the instant action, and that Pelican's negligence and contractual breaches were the proximate cause of all of Plaintiffs' damages. Accordingly, Plaintiffs sought summary judgment on Counts I-IV of their first amended complaint, which asserted claims for breach of contract, indemnification, negligence, and negligent misrepresentation, respectively.

On June 6, 2018, this Honorable Court granted Plaintiffs' motion with respect to Plaintiffs' breach of contract and indemnification claims, and denied Plaintiffs' motion with respect to Plaintiffs' negligence and negligent misrepresentation claims. (*See* Dkt. #43; a true and accurate copy of the Court's June 6, 2018 Order is also hereto as **Exhibit 1**). More specifically, the Court found that, "[b]ased on the parties' pleadings, depositions, and admissions," there was "no genuine

dispute of any material fact as to whether Pelican materially breached its explicit underwriting limitations" when it bound the commercial auto policy on behalf of Gemini. (*Id.*, pg. 14). Accordingly, the Court granted Plaintiffs' motion with respect to Count I of Plaintiffs' first amended complaint for breach of contract.

The Court also found that Pelican was required to indemnify Plaintiffs pursuant to Section 3.2 of the parties' Program Administrator Agreement ("PAA"), which provided that Pelican "shall indemnify and hold the Company [Gemini] harmless for any and all payments that the Company may be required to make under policies which are prohibited by Section 3.1." (*Id.*, pg. 15). The Court determined that Pelican was also required to indemnify Plaintiffs pursuant to Section 8.2 of the PAA, which required Pelican to:

> defend, indemnify, and hold Company harmless from and against all claims, actions, causes of action, liability, or loss which result from any real or alleged negligent or willful acts, errors, or omissions or [sic] Administrator . . . in the performance or breach of duties under this Agreement, including but not limited to . . . quoting, underwriting, and/or binding policies prohibited under Section 3.1.

(*Id.*). Accordingly, the Court also entered summary judgment in favor of Plaintiffs and against Pelican on Count II of Plaintiffs' amended complaint.

As a result of Pelican's breach of the PAA, Plaintiffs were forced to incur significant attorney's fees and expenses in defending Boone, Mr. Gordon, and Gemini in the four Underlying Lawsuits, as well as in prosecuting this action to hold Pelican responsible for its breach of the PAA. Plaintiffs also paid $315,000 toward the settlement of the Underlying Lawsuits when Pelican refused to do so. Therefore, pursuant to the Court's June 6, 2018 Order and Opinion, Plaintiffs are entitled to contractual indemnity from Pelican for all of the damages set forth below. Now that the Underlying Lawsuits have been fully and finally resolved, Plaintiffs file the instant

motion seeking the entry of a final judgment against Pelican for all damages and losses stemming from Pelican's breaches.

## ARGUMENT

A "motion for entry of judgment is akin to a motion for summary judgment." *Kugler v. Southmark Realty*, 309 Ill. App. 3d 790, 794 (1st Dist. 1999). "Thus, the granting of such a motion is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Illinois courts permit the use of an affidavit to prove up damages following summary judgment on the issue of liability. *See e.g. UMB Bank, National Association v. Leafs Hockey Club, Inc.*, 2015 WL 2258461, at *1-2 (N.D. Ill. May 11, 2015) (granting plaintiff's motion to prove up damages which was supported by affidavit evidence following entry of summary judgment on issues of liability.).

Moreover, Illinois Supreme Court Rule 191 provides that an affidavit:

shall be made on the personal knowledge of the affiant[]; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto.

Il. Sup. Ct. R. 191.

Illinois courts permit the use of an affidavit to support a motion for summary judgment if, from the document as a whole, it appears that the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial. *Id.* (citing *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 575 (1982)). "When facts within an affidavit are not contradicted by counteraffidavit, they must be taken as true notwithstanding the existence of contrary unsupported allegations in the

4

adverse party's pleadings." *Ligenza v. Village of Round Lake Beach*, 133 Ill. App. 3d 286, 293 (2nd Dist. 1985).

In support of their Motion for Entry of Judgment, Plaintiffs attach the affidavit of BPS's Vice-President of Claims, Michael Gilmartin. (*See* Affidavit of Mr. Gilmartin, attached hereto as **Exhibit 2**, and incorporated herein by reference). Mr. Gilmartin's Affidavit provides a detailed breakdown of the damages Plaintiffs incurred as a result of Pelican's breach of the parties' PAA. More specifically, Plaintiffs retained the following law firms to defend Boone, Gordon, and Gemini in the Underlying Lawsuits, and to represent Plaintiffs in this action against Pelican:

1. **Burglass & Tankersley, LLC**
   *Defense of Boone in the Underlying Lawsuits*

2. **Galloway, Johnson, Tompkins, Burr & Smith, PLC**
   *Defense of Gordon in the Underlying Lawsuits*

3. **Degan, Blanchard & Nash, PLC**
   *Defense of Gemini in Underlying Lawsuits*

4. **Hinshaw & Culbertson LLP / Traub Lieberman**[1]
   *Prosecution of Plaintiffs' Claims against Pelican in this Action*

(*See* Ex. 2, ¶ 4).

According to Mr. Gilmartin, Plaintiffs have reimbursed the following amounts to each firm for the attorneys' fees and costs they incurred in defending and/or prosecuting the aforementioned claims:

---

[1] Plaintiffs retained lead counsel Dana A. Rice at Hinshaw & Culbertson, LLP to represent Plaintiffs in this action. During the pendency of this suit, Mr. Rice left Hinshaw and joined the law firm of Traub Lieberman, where he continued his representation of Plaintiffs in this action.

| Client | Law Firm | Total Amount Reimbursed for Attorneys' Fees and Costs Incurred in the Defense of the Underlying Lawsuits |
|---|---|---|
| Boone | Burglass & Tankersley, LLC | $314,849.89 |
| Gordon | Galloway, Johnson, Tompkins, Burr & Smith, PLC | $130,006.13 |
| Gemini/BPS | Degan Blanchard & Nash, PLC<br><br>Hinshaw & Culbertson, LLP<br><br>Traub Lieberman[2] | $627,452.00 |
| | Total: | $1,072,308.02 |

(*See* Ex. 2, ¶ 7).

In addition to the aforementioned sums, Plaintiffs paid $815,000 to settle the Underlying Lawsuits. (*See* Ex. 2, ¶ 13). Plaintiffs had previously demanded that Pelican pay the full amount of the settlement; however, Pelican refused to do so. Instead, Pelican only agreed to reimburse Plaintiffs $500,000 of the total settlement amount. As a result, in order to fully resolve the Underlying Lawsuits, and stop the accrual of additional attorneys' fees and defense costs for which Pelican would ultimately be responsible, Plaintiffs agreed to initially fund the $815,000 to settle the Underlying Lawsuits. However, in doing so, Plaintiffs expressly reserved the right to seek reimbursement from Pelican for the $315,000 difference between the full settlement amount which Plaintiffs paid ($815,000) and the amount of Pelican's contribution ($500,000). (*Id.*). Pursuant to

---

[2] Plaintiffs continue to incur attorneys' fees and costs in prosecuting this action until a final judgment is entered in their favor. Accordingly, Plaintiffs will file a post-judgment petition, pursuant to Federal Rule of Civil Procedure 54, for the remaining portion of its fees and costs incurred in this action from April 1, 2023 until final judgment is entered in their favor and against Pelican.

6

this Court's June 6, 2018 Order, Pelican must indemnify Plaintiffs for the remaining $315,000 that Plaintiffs paid to settle the Underlying Lawsuits based on Pelican's breach of the PAA.

Finally, Plaintiffs paid a total of $39,110.46 for the physical damage to the Boone truck involved in the Accident and related expenses. (See Ex. 2, ¶ 14). Pursuant to this Court's June 6, 2018 Order, Pelican must indemnify Plaintiffs for these damages because, but for Pelican's breach of the PAA, Plaintiffs would not have insured the Boone truck.

**WHEREFORE,** Plaintiffs, Berkley Program Specialists, LLC and Gemini Insurance Company, respectfully request that this Honorable Court grant Plaintiffs' Motion for Entry of Final Judgment, and enter final judgment in Plaintiffs' favor and against Defendant, Pelican, for the following

1. $1,072,308.02, which is the total amount of attorneys' fees and costs Plaintiffs incurred in the defense of the Underlying Lawsuits and prosecution of this action against Pelican, plus post-judgment interest;

2. $315,000.00, which represents the amount Plaintiffs paid to settle the Underlying Lawsuits that Pelican refused to reimburse, plus pre-judgment interest and post-judgment interest;

3. $39,100.49, which is the total amount Plaintiffs paid for the physical damage to the Boone truck involved in the Accident and related expenses;

4. A finding that Pelican is required to pay all attorneys' fees and costs Plaintiffs incur in prosecuting this action against Pelican from April 1, 2023 to the entry of final judgment; and

5. Any such further and additional relief to Plaintiffs as the Court deems appropriate in light of the law, facts, and circumstances.

Respectfully submitted,

s/ *Dana A. Rice*
Dana A. Rice
*One of the Attorneys for Berkley Program Specialists, LLC and Gemini Insurance Company*

Dana A. Rice (6283827)
Anthony L. Hatzilabrou (6325050)
Traub Lieberman Straus & Shrewsberry LLP

71 S. Wacker Drive, Ste. 2110
Chicago, IL 60606
Telephone: 312-332-3900
Facsimile: 312-332-3908
drice@tlsslaw.com
thatzilabrou@tlsslaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on May 25, 2023, I electronically filed the **Plaintiffs' Motion for Entry of Judgment** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service upon all parties of record.

                                              /s/ *Dana A. Rice*
                                              Dana A. Rice